Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mkaplan@sjlawcorp.com
mstafford@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| F.G. CROSTHWAITE and RUSSELL E. BURNS, in their respective capacities as Trustees of the OPERATING ENGINEERS' HEALTH AND WELFARE TRUST FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BELLICITTI & PELLICCIOTTI CONSTRUCTION CO., INC., a California Corporation,<br><br>Defendant. | Case No.:  C10-5476 SBA<br><br>**NOTICE AND ACKNOWLEDGMENT; and JUDGMENT PURSUANT TO STIPULATION** |

IT IS HEREBY STIPULATED by and between the parties hereto, that Judgment may be entered in the within action in favor of the Plaintiffs OPERATING ENGINEERS' HEALTH AND WELFARE TRUST FUND, et al. ("Plaintiffs" or "Trust Funds"), and against Defendant BELLICITTI & PELLICCIOTTI, and/or alter egos and/or successor entities ("Defendant"), as follows:

1. Defendant entered into a valid Collective Bargaining Agreement with the Operating Engineers Local 3 Trust Funds (hereinafter "Bargaining Agreement").  This Bargaining Agreement has continued in full force and effect to the present time.

2. Defendant Bellicitti & Pellicciotti, through its authorized agent for service, Secretary/COO Lee Michael Pellicciotti, acknowledges receipt of the following documents in this

-1-
JUDGMENT PURSUANT TO STIPULATION
Case No.: C10-5476 SBA

action: Summons; Complaint; Dispute Resolution Procedures in the Northern District of California; Order Setting Initial Case Management Conference and ADR Deadlines; Standing Orders for Civil Practice in Cases Assigned for All Purposes to Magistrate Judge Edward M. Chen; Standing Order for All Judges of the Northern District of California; Instructions for Completion of ADR Forms Regarding Selection of an ADR Process; Stipulation and [Proposed Order] Selecting ADR Process; Notice of Need for ADR Phone Conference; ADR Certification by Parties and Counsel; Notice of Assignment of Case to a United States Magistrate Judge for Trial; Consenting to a Magistrate Judge's Jurisdiction in the Northern District of California; ECF Registration Information Handout; Welcome to the U.S. District Court, San Francisco; Certification of Interested Entities or Persons Pursuant to Civil Local Rule 3-16; Declination to Proceed Before a Magistrate Judge and Request for Reassignment to a United States District Judge; Notice of Impending Reassignment to a United States District Court Judge; Reassignment Order; and Case Management Scheduling Order for Reassigned Civil Cases.

    3.    Defendant has become indebted to the Trust Funds as follows:

| | | | |
|---|---|---|---|
| December 2009 | Contributions | $2,819.84 | |
| | 20% Liquidated Damages | $563.97 | |
| | 12% Interest (through 1/26/11) | $339.31 | |
| | | | $3,723.12 |
| January 2010 | Contributions | $1,608.19 | |
| | 20% Liquidated Damages | $321.64 | |
| | 12% Interest (through 1/26/11) | $177.12 | |
| | | | $2,106.95 |
| February 2010 | Contributions | $2,830.87 | |
| | 20% Liquidated Damages | $566.17 | |
| | 10% Interest (through 1/26/11) | $238.10 | |
| | | | $3,635.14 |
| March 2010 | Contributions | $2,555.48 | |
| | 20% Liquidated Damages | $511.10 | |
| | 10% Interest (through 1/26/11) | $193.24 | |
| | | | $3,259.82 |
| April 2010 | Contributions | $1,850.52 | |
| | 20% Liquidated Damages | $370.10 | |
| | 10% Interest (through 1/26/11) | $124.72 | |
| | | | $2,345.34 |
| May 2010 | Contributions | $3,414.65 | |
| | 20% Liquodated Damages | $682.93 | |
| | 10% Interest (through 1/26/11) | $201.14 | |

|  |  |  |  |
|---|---|---|---|
|  |  |  | $4,298.72 |
| June 2010 | 10% Liquidated Damages | $295.96 |  |
|  | 10% Interest (through 9/3/10) | $30.72 |  |
|  |  |  | $326.68 |
| July 2010 | Contributions | $3,734.40 |  |
|  | 20% Liquidated Damages | $746.88 |  |
|  | 10% Interest (through 1/26/11) | $157.56 |  |
|  |  |  | $4,638.84 |
| August 2010 | Contributions | $4,854.72 |  |
|  | 20% Liquidated Damages | $970.94 |  |
|  | 10% Interest (through 1/26/11) | $163.60 |  |
|  |  |  | $5,989.26 |
| September 2010 | 10% Interest (through 10/26/10) | $6.24 |  |
|  |  |  | $6.24 |
| October 2010 | Contributions | $4,714.68 |  |
|  | 20% Liquidated Damages | $942.94 |  |
|  | 10% Interest (through 1/26/11) | $80.08 |  |
|  |  |  | $5,737.70 |
| November 2010 | Contributions | $3,956.13 |  |
|  | 20% Liquidated Damages | $791.23 |  |
|  | 10% Interest (through 1/26/11) | $34.68 |  |
|  |  |  | $4,782.04 |
| 15% Liquidated Damages on Prior Late-Paid Contributions (6/04 – 11/09) |  |  | $7,116.37 |
|  |  | **SUBTOTAL:** | **$47,966.22** |
| **Attorneys' Fees (through 1/5/11)** |  |  | **$2,220.50** |
| **Cost of Suit** |  |  | **$350.00** |
|  |  | **TOTAL:** | **$50,536.72** |

4. Defendant shall *conditionally* pay the amount of **$36,656.49**, representing all of the above amounts, less liquidated damages in the amount of **$13,880.23**. *This waiver is expressly conditioned upon the Trustees' approval upon timely compliance with all of the terms of this Stipulation,* as follows:

(a) Beginning on or before February 1, 2011, and continuing on or before the 1st day of each month thereafter for a period of six (6) months through July 1, 2011, Defendant shall pay to Plaintiffs the amount of **$1,000.00** per month;

(b) Beginning on or before August 1, 2011, and continuing on or before the 1st day of each month thereafter for a period of six (6) months through January 1, 2012, Defendant shall pay to Plaintiffs the amount of **$2,000.00** per month;

(c) At the time that Defendant makes its last (January 1, 2012) monthly payment under the terms of this Stipulation, Defendant shall pay the remainder due in one lump sum payment on January 1, 2012.  Defendant may then submit a written request for waiver of liquidated damages directed to the Board of Trustees, but sent to Saltzman & Johnson Law Corporation with that payment.  Defendant will be advised as to whether or not the waiver has been granted.  Once the final payment is made, the check clears the bank upon which it is drawn, and the waiver of liquidated damages has been approved, Plaintiffs will file a Satisfaction of Judgment with the Court. In the event that Defendant is unable to make the final payment in one lump sum, Defendant may request an extension of the payment plan, in writing, before the final payment is due. Defendant will be advised of the Trustees' decision, and if payments are to continued, whether said payments shall be in an increased amount.

(d) Payments may be made by joint check, cashier's check or other irrevocable form of payment to be endorsed prior to submission.  Defendant shall have the right to increase the monthly payments at any time and there is no penalty for prepayment;

(e) Payments shall be applied first to unpaid interest and then to unpaid principal.  The unpaid principal balance shall bear interest at the rate of 10% per annum, in accordance with the Collective Bargaining Agreement and Plaintiffs' Trust Agreements;

(f) Payments shall be made payable to the "*Operating Engineers' Health & Welfare Trust Fund*," and delivered to Michele R. Stafford at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104, or to such other address as may be specified by Plaintiffs, **to be <u>received</u> on or before the 1st day of each month**;

(g) Failure to comply with any of the above terms shall also constitute a default of the obligations under this Agreement and the provisions of ¶ 11 shall apply.

5. In the event that any check paid pursuant to any of the terms hereunder is not timely submitted, not timely endorsed (in the case of a Joint Check), submitted by Defendant but fails to clear the bank, or is otherwise unable to be negotiated for any reason for which Defendant is responsible, this shall be considered to be a default on the Judgment entered.  If this occurs, Plaintiffs shall make a written demand to Defendant to cure said default.  Notice may be provided

by email, but in the event of such notice, a copy of the notice shall also be sent by either fax or mail.  Default will only be cured by the issuance of a replacement, **cashier's check**, delivered to Saltzman and Johnson Law Corporation within seven (7) days of the date of the notice from Plaintiffs.  If Defendant elects to cure said default, and Plaintiffs elect to accept future payments, all such payments shall be made by cashier's check at Plaintiffs' request.  Failure to make payments pursuant to cashier's check, if applicable, shall constitute a default under the terms of this Judgment.

In the even default is not cured, all amounts remaining due hereunder shall be immediately due and payable.

6.  Beginning with contributions due for hours worked by Defendant's employees during the month of December 2010, due on January 15, 2011 and considered delinquent if not postmarked by January 25, 2011, and for every month thereafter that the Bargaining Agreement remains in effect, Defendant **shall remain current in contributions** due to Plaintiffs under the current Collective Bargaining Agreement and under all subsequent Collective Bargaining Agreements, if any, and the Declarations of Trust as amended.  **Defendant shall fax a copy of the contribution report for each month, together with a copy of that payment check, to Michele R. Stafford at 415-882-9287, prior to sending the payment to the Trust Fund office.**

Failure to comply with these terms shall also constitute a default of the obligations under this Agreement and the provisions of ¶ 11 shall apply.

7.  Defendant shall make full disclosure of all jobs on which it is working by providing Plaintiffs with an ongoing and updated list of jobs including, but not limited to, the name and address of the job, the start and completion dates, the identity of General Contractor/Owner/Developer, and by providing certified payroll if a public works job.  **To the extent that Defendant is working on a Public Works job, or any other job for which Certified Payroll Reports are required, copies of said Reports will be faxed to Michele R. Stafford concurrently with their submission to the General Contractor, Owner or other reporting agency.**

**Defendant shall fax said updated list each month (or sooner if required elsewhere herein) together with the contribution report (as required by ¶ 6 of this Stipulation) to Michele R. Stafford at 415-882-9287.** Attached hereto as *EXHIBIT A* is a Job Report form which is to be completed each month.

8. Failure by Defendant to remain current in its contributions shall constitute a default of the obligations under this agreement and the provisions of ¶ 11 shall apply. Any such unpaid or late paid contributions, together with 20% liquidated damages and 10% per annum interest accrued on the total contributions, shall be added to and become a part of this Judgment and subject to the terms herein. Plaintiffs reserve all rights available under the applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of current and future contributions, and for any additional past contributions not included herein as may be determined by Plaintiffs, pursuant to employee timecards or paystubs, by audit, or other means, and the provisions of this Agreement are in addition thereto. Defendant specifically waives the defense of the doctrine *Res Judicata* as to any such additional amounts determined as due.

9. Lee Michael Pellicciotti acknowledges that he is the Secretary/COO of Defendant herein, and is authorized to enter into this Stipulation on behalf of Bellicitti & Pellicciotti Construction Co., Inc. Lee Michael Pellicciotti is also personally guaranteeing all amounts due under the terms of the Stipulated Judgment. Defendant and all of its successors in interest, assigns, and affiliated entities (including, but not limited to parent or other controlling companies), and any companies with which Bellicitti & Pellicciotti Construction Co., Inc., joins or merges, if any, shall also be bound by the terms of this Stipulation as Guarantors. This shall include any additional entities in which Lee Michael Pellicciotti is an officer, owner or possesses any ownership interest. Defendant, Guarantor, and all such entities specifically consent to the Court's jurisdiction, in writing at the time of any assignment, affiliation or purchase, as well as all other terms herein.

10. Prior to the last payment pursuant to this Stipulation, Plaintiffs will advise Defendant, in writing, of the remaining amounts due, including any additional amounts claimed pursuant to the Stipulation, which shall include, but not be limited to, any additional interest,

attorneys' fees and costs incurred in this matter. Said amount shall be paid with the last payment, upon demand by Plaintiffs.

11. In the event that Defendant/Guarantor are in default of any provision of this Stipulation, including, but not limited to, failing to make any payment required under ¶ 4 above, or failing to remain current in any contributions under ¶ 6, then:

(a) The entire amount of **$50,536.72** plus interest, reduced by principal payments received by Plaintiffs, but increased by any unpaid contributions then due, plus 20% liquidated damages and 10% per annum interest thereon, shall be immediately due, together with any additional attorneys' fees and costs incurred in this action, including those identified under section (d) below;

(b) A Writ of Execution may be obtained against Defendant and Guarantor without further notice, in the amount of the unpaid balance, plus any additional amounts under the terms herein, upon declaration by a duly authorized representative of the Plaintiffs setting forth any payment theretofore made by or on behalf of Defendant and the balance due and owing as of the date of default. <u>Defendant and Guarantor specifically consent to the authority of a Magistrate Judge for all proceedings, including, but not limited to, Plaintiffs' obtaining a Writ of Execution;</u>

(c) Defendant and Guarantor waive notice of Entry of Judgment and expressly waive all rights to stay of execution and appeal. The declaration or affidavit of a duly authorized representative of Plaintiffs as to the balance due and owing as of the date of default shall be sufficient to secure the issuance of a Writ of Execution;

(d) Defendant/Guarantor shall pay all additional attorneys' fees and costs incurred by Plaintiffs in connection with this matter, including those incurred for collection and allocation of the amounts owed by Defendant to Plaintiffs under this Stipulation. The additional attorneys' fees and costs shall be paid by Defendant/Guarantor as set forth above, regardless of whether or not Defendant/Guarantor default under the terms of this Stipulation.

12. Any failure on the part of the Plaintiffs to take any action against Defendant or Guarantor as provided herein in the event of any breach of the provisions of this Stipulation shall

1 not be deemed a waiver of any subsequent breach by the Defendant or Guarantor of any provisions herein.

13. In the event of the filing of a bankruptcy petition by Defendant or its Guarantor, the parties agree that any payments made by Defendant or Guarantor pursuant to the terms of this Judgment, shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed by Defendant or Guarantor as a preference under 11 U.S.C. Section 547 or otherwise. Defendant and its Guarantor nevertheless represent that no bankruptcy filing is anticipated.

14. This Stipulation is limited to the agreement between the parties with respect to the delinquent contributions and related sums enumerated herein, owed by Defendant/Guarantor to the Plaintiffs. This Stipulation does not in any manner relate to withdrawal liability claims, if any. Defendant/Guarantor acknowledge that the Plaintiffs expressly reserve their right to pursue withdrawal liability claims, if any, against Defendant/Guarantor as provided by the Plaintiffs' Plan Documents, Trust Agreements incorporated into their Collective Bargaining Agreement, and the law.

15. Should any provision of this Stipulation be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this Stipulation.

16. This Stipulation contains all of the terms agreed by the parties and no other agreements have been made. Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

17. This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

18. The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

/ / /

1  / / /

2  / / /

3  19. All parties represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, and that they enter into this Stipulation voluntarily and without duress.

Dated: February 28, 2011      **BELLICITTI & PELLICCIOTTI CONSTRUCTION CO., INC.**

By: _____/s/_____
Lee Michael Pellicciotti, Secretary/COO

Dated: February 28, 2011      **LEE MICHAEL PELLICCIOTTI**

By: _____/s/_____
Individually as Personal Guarantor

Dated: March 4, 2011      **OPERATING ENGINEERS LOCAL 3 TRUST FUNDS**

By: _____/s/_____
David Hayner
Collection Manager

**IT IS SO ORDERED.**

**IT IS FURTHER ORDERED** that all dates on calendar in this matter are vacated accordingly.

Dated: 3/15/11      _____[signature: Saundra B. Armstrong]_____
UNITED STATES DISTRICT COURT JUDGE